1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-09-773-NVW (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Frank Anteri, | |
| Defendant. | |

At his initial appearance on July 15, 2009, Defendant's appointed counsel orally moved the Court to seal Defendant's Financial Affidavit for appointment of counsel on Fifth Amendment grounds.

The Criminal Justice Act Manual seems to require that a financial affidavit be completed in every case of appointment of a criminal defense attorney. *Guide to Judiciary Policies and Procedures*, Vol. VII, Section A, Chapter II, Part A, Section 2.03, paragraph B ("Relevant information bearing on the person's financial eligibility should be reflected on CJA Form 23 and the form *shall be completed and executed* before a judicial officer or employee."). (emphasis added); 18 U.S.C. § 3006A(b).[1] A defendant has the burden of

---

[1] In pertinent part, the Act provides that in every case in which a person is entitled to representation and appears without counsel, the district or magistrate judge shall advise such person that he has the right to be represented by counsel and that counsel will be appointed to represent him if he is financially unable to obtain counsel. Unless the person waives

establishing financial eligibility for appointed counsel. *United States v. Ellsworth*, 547 F.2d 1096, 1098 (9th Cir.1976), *cert. denied*, 431 U.S. 931 (1977); *United States v. Anderson*, 567 F.2d 839, 840 (8th Cir. 1977).

After reviewing Defendant's Financial Affidavit, the Court concludes that Defendant faces a substantial risk of self-incrimination that is real, not imaginary, in light of the bank fraud allegations in the pending Indictment. *Seattle Times Company v. District Court*, 845 F.2d 1513, 1518 (9th Cir. 1998); *United States v. Gravatt*, 868 F.2d 585, 589 (3rd Cir. 1989) ("[W]hen, as here, a defendant asserts a colorable claim that disclosure to the government of a completed CJA 23 would be self-incriminating, the court may not adopt an unconditional requirement that the defendant complete the CJA 23 before his application for appointment of counsel will be considered. To do so may place the defendant in the constitutionally untenable position of having to choose between his Sixth Amendment right to counsel and his Fifth Amendment privilege against self-incrimination.") (citing *United States v. Moore*, 671 F.2d 139, 141 (5th Cir.1982), *cert. denied*, 464 U.S. 859 (1983)). The Fifth Circuit in *Moore* noted that the CJA 23 form "is not a required statutory form," but is simply an administrative tool to assist the trial court in determining eligibility for appointed counsel." 671 F.2d at 140[2]*; United States v. Hickey*, 997 F. Supp. 1206 (N.D. Cal. 1998); *United States v. Hyde*, 208 F.Supp. 2d 1052 (N.D. Cal. 1998). It is enough if a defendant's

---

representation by counsel, the judge, if satisfied after appropriate inquiry that the person is financially unable to obtain counsel, shall appoint counsel to represent him. 18 U.S.C. § 3006A(b).

[2] But see *United States v. Sarsoun*, 834 F.2d 1358 (7th Cir. 1987), wherein the Seventh Circuit found that the denial of appointed counsel was warranted by the defendant's failure to respond to questions regarding his income despite repeated assurances from the trial court that the information would not be used against him, unless he committed perjury. This court also considered that the information available to the lower court "did not strongly indicate that Sarsoun qualified for appointment of counsel." *Id.* at 1362 n. 8. Thus, the court concluded that the trial court did not err "in not pursuing further the matter of Sarsoun's financial need." *Id.* at 1363.

- 2 -

responses would merely provide a lead or clue to evidence having a tendency to incriminate. *Id.* at 1055.

The Court finds there exists a sufficient nexus between Defendant's written representations of owned mortgaged property to pose a substantial risk of self-incrimination to justify sealing the financial affidavit from public and governmental scrutiny. Defendant should not be forced to forfeit his Fifth Amendment privilege against self-incrimination in order to exercise his Sixth Amendment right to counsel. *Simmons v. United States*, 390 U.S. 377 (1968).

Accordingly,

**IT IS ORDERED** that Defendant's oral motion to seal Defendant's Financial Affidavit for appointment of counsel is **GRANTED** and that Defendant's Financial Affidavit shall be sealed until further order of the Court.

DATED this 16th day of July, 2009.

_____
Lawrence O. Anderson
United States Magistrate Judge